**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SCOTT RAY ZABRISKIE,**

    **Plaintiff,**

v.                                                        **CASE NO. 4:05-cv-00262-MP-AK**

**JUDGE ANSTEAD, et al,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this cause pursuant to 42 U.S.C. §1983 against the justices of the Florida Supreme Court for their alleged constitutional violations in dismissing a petition for writ of mandamus. (Doc. 1). The Court has reviewed Plaintiff's complaint and finds that it fails to state a claim and should be dismissed.

The absolute immunity of a defendant is one of a number of grounds which justifies dismissal under 28 U.S.C. §1915. Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996),

citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085, quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107. Immunity would only exist if the judge dealt with the plaintiff in a judicial capacity. 86 F.3d at 1085; 435 U.S. at 362, 98 S. Ct. at 1107. In this case, it is clear that the Defendants acted in their judicial capacity since Plaintiff's claims stem from their dismissal of his petition for writ of mandamus.

If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.'" 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105, quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872). Plaintiff does not argue that they had no jurisdiction over his claims, rather he contends that they failed to exercise their jurisdiction by refusing to grant him the petition, which would have forced the Fifth District Court of Appeals to act on an appeal filed by the Plaintiff. There is nothing before the Court to suggest that the Florida Supreme Court Justices were acting without jurisdiction to decide the petition filed by Plaintiff. Therefore, because both prongs of the Stump test for judicial immunity have been met, the claims against the Justices must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **12th** day of April, 2006.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.